### In re ROCKWOOD.

(District Court, N. D. Iowa, Cedar Rapids Division. January 11, 1899.)

BANKRUPTCY—SEIZURE OF PROPERTY—POSSESSION OF CHATTEL MORTGAGEE.

Bankruptcy Act 1898, § 69, empowering the judge of the court of bankruptcy, on proof that the respondent in an involuntary petition has committed an act of bankruptcy, or is neglecting his property and suffering it to deteriorate, to issue a warrant to the marshal to seize and hold such property subject to further orders, does not authorize a warrant to the marshal, in advance of any adjudication on the petition, to seize goods in the hands of a stranger to the proceedings, who took possession before the filing of the petition, and claims title, under a chattel mortgage from the alleged bankrupt.

In Bankruptcy. Application by creditors of the alleged bankrupt for an order directing the marshal to seize certain property in the possession of a third person.

Hayes & Schuyler, for creditors.

SHIRAS, District Judge. In this matter certain creditors of Charles Rockwood have filed a petition praying that he may be adjudged to be a bankrupt, and now apply to the court for an order directing the

marshal to seize and take into his possession certain personal property which it is averred belonged to the alleged bankrupt, but which he conveyed to one Mary Bocker by the execution of a chattel mortgage dated January 3, 1899, and under which the mortgagee took possession of the property. The application is based upon the provisions of section 69 of the bankrupt act, which enacts that the judge upon satisfactory proof being made that a bankrupt against whom an involuntary petition has been filed has committed an act of bankruptcy, or is neglecting his property, or permitting same to deteriorate, may issue a warrant to the marshal to seize and hold the property until further order of the court. As I construe this section, it does not authorize the court to issue a warrant to the marshal to take property away from the possession of a third party who holds it under a claim of right or title. According to the showing made in the application, the mortgagee has a good title to, and the right of possession of, the property in question, unless such title and right are defeated under the provisions of the bankrupt act. Whether these provisions will become operative against the title and right of the mortgagee depends primarily upon the question whether Rockwood will be adjudicated to be a bankrupt on the petition of his creditors, which is set down for hearing at a future day. The mortgagee, Mary Bocker, is not a party to these proceedings; and, in my judgment, section 69 does not confer any authority on the court to arbitrarily deprive her of the possession of the property held by her under claim of title. It cannot be judicially known at the present time whether Rockwood will or will not be adjudged a bankrupt, and, unless he is so adjudged, there is no ground shown for attacking the possession of the property now held by the mortgagee.

Section 69 is intended to authorize the court to prevent the wastage, deterioration, or loss of the bankrupt's property in his possession, pending the hearing on the petition for adjudication, but it is not intended to authorize the taking away from third parties property to which they assert title. The section provides that before the issuance of a warrant of seizure a bond must be executed conditioned to indemnify the bankrupt for such damages as he may sustain if the seizure be wrongfully obtained; it being further provided that the property seized shall be released, if the bankrupt give bond conditioned to turn over the property or its value to the trustee in case he is adjudged a bankrupt. These provisions clearly show that the section is intended to apply only to seizures of property in the possession of the bankrupt, and it does not authorize the seizure of property which has passed from the possession of the bankrupt before the institution of proceedings under the act. In a proper case an injunction or restraining order may be obtained, upon an application to which the third person is made a party, restraining the sale or other disposition of the property until the hearing upon the petition for adjudication, and the appointment of the trustee, but the proper showing therefor must be made. The present application for a warrant directing the marshal to seize property in the possession of the mortgagee must be refused, for the reasons stated.