## In re KELLY.

### Ex parte BERNHIEM et al.

(District Court, W. D. Tennessee, E. D.  February 4, 1899.)

1. BANKRUPTCY—SEIZURE OF PROPERTY—SUFFICIENCY OF AFFIDAVITS.

   When application is made, under Bankruptcy Act 1898, § 69, for a warrant to the marshal to seize and hold property of the alleged bankrupt, pending an involuntary petition against him, the affidavits in support of the application must set forth fully and specifically all the essential facts, including the insolvency of the debtor and the facts constituting the alleged act of bankruptcy or neglect of his property by the debtor.

2. SAME—PROPERTY IN HANDS OF THIRD PERSON.

   Bankruptcy Act 1898, § 69, providing that the judge of a court of bankruptcy may, on proof that the respondent in an involuntary petition "has committed an act of bankruptcy, or has neglected * * * his property, * * * issue a warrant to the marshal to seize and hold it," applies only to property of the alleged bankrupt remaining in his own hands or those of his acknowledged agents. It cannot be so extended as to authorize the summary seizure of property in the possession of a third person, not a party to the proceedings, who claims title thereto under a conveyance from the bankrupt, although such conveyance is alleged to be an illegal preference, and voidable, under the act.

3. SAME—PLEADING — PRACTICE — JOINING PRAYER FOR WARRANT OF SEIZURE WITH PETITION FOR ADJUDICATION.

   The practice of uniting in one petition a prayer for an adjudication in involuntary bankruptcy against the debtor and a prayer for a warrant directing the marshal to seize and hold his property pending the adjudication, condemned. The proceedings for such warrant, and in execution thereof, are separate and distinct from the petition in bankruptcy, and must be prosecuted by separate petition.

In Bankruptcy. On petition by Bernhiem Bros. and other creditors for an adjudication in involuntary bankruptcy against the respondent, and also for a warrant for the seizure of his property.

Draper & Rice and Latta & Latta, for petitioning creditors.

HAMMOND, J. This is an application by the petitioning creditors for a warrant of seizure under section 69 of an act entitled "An act to establish a uniform system of bankruptcy throughout the United States," approved July 1, 1898. It proceeds upon an entire misapprehension of the scope of that section. The act of bankruptcy alleged in the petition is that the defendant, within four months prior to the filing of this petition, did sell, transfer, and convey his stock of goods, consisting of whiskies, wines, beer, cigars, etc., and his safe and bar fixtures, to one Charles A. Rogers, with the

fraudulent purpose and intent of giving to the said Charles A. Rogers, who was one of his creditors, a preference for his claim against the alleged bankrupt.

Before passing to the question of granting this application, and in order that, in the beginning of the administration of this law, we may, as accurately as possible, carry out its provisions, it is thought proper to refer to the affidavit upon which this application is based, and to say that it seems quite meager in its statement of the facts, and is too much the opinion of the affiant as to the legal effect of the facts as they may be known to him, suspected by him, or may actually exist. The nature of the debt which it is alleged was preferred is not stated, nor does the essential fact of insolvency appear. See section 3. From all that appears in the affidavit, the defendant may be entirely solvent, the transfer may have been made in pursuance of some valid lien or mortgage, or the defendant may have ample property; and, without going more into the details, it is sufficient to say now that affidavits under this section 69 of the bankrupt act should be as specific as possible in their statements of all the essential facts,—indeed, should be quite as fully satisfactory in the exhibition of the proof of the act of bankruptcy as the testimony to be produced at the hearing of the petition for adjudication in a contested case,—so that the court may see precisely, from those facts, whether or not an act of bankruptcy has been committed, or whether the alleged bankrupt has been neglecting his property, so that it is deteriorating in value, etc. It is a formidable thing to seize a man's property so summarily before he is heard, and should never be done upon the mere opinions of witnesses as to whether an act of bankruptcy has been committed, but only on a full showing of the facts of the case. Again, the affidavit states that he received his information from Rogers. Why was not Rogers' affidavit of the facts produced, or the precise language he used given instead of the affiant's conclusions about it? It is all pure hearsay.

For the present consideration of this application, the affidavit will be treated as sufficient; and the court may assume that, defective as it is, it appears thereby that an act of bankruptcy has been committed, as it is described in the statute.

The involuntary petition in bankruptcy in this case is framed not only for the purpose of having an adjudication in bankruptcy, but prays as well for a warrant of seizure under the above-cited section 69 of the bankrupt act. Its prayer in that behalf is "that a warrant at once issue to the marshal, directing him to seize and take possession of all the property of the said Ike Kelly, now in the possession of the said Ike Kelly, or in the possession of any person whose possession is in violation of the bankruptcy act." The last clause of this application, to seize property in the possession of any person whose possession is in violation of the bankruptcy act, is wholly unauthorized by that act, and is not at all comprehended by section 69, above referred to. It would be, indeed, quite impossible for congress to pass an act to seize property in the hands of third persons, adversely claiming title thereto from the bankrupt, by any such process as is assumed in this case. It could

only be done by due process of law, after some proceeding taken for that purpose against the third person holding adversely, and upon due notice and opportunity to appear and contest such application, what-ever form it might take. In this case, we are asked to send the marshal to seize the property, presumably that which is in the hands of Rogers, the alleged preferred creditor, as the property of Kelly, upon the ground assumed, that Rogers has been fraudulently preferred; and this, without any notice to Rogers, or without any bond to protect him against such violent proceeding, because the bond filed in this case is only one to indemnify Ike Kelly for such damages as he shall sus-tain, and not at all to indemnify Rogers, the alleged preferred creditor, nor any other third person whom the marshal, under this roving com-mission, might subject to seizure of his property. This construction of the bankruptcy act is too monstrous for further consideration, and the application is denied, so far as it relates to property in the possession of any person whose possession is in violation of the statute. The remedy provided for the recovery of property held in violation of the statute, through preferences or fraudulent conveyances, is found in section 60 of the act, subsec. B, as follows:

"If a bankrupt shall have given a preference within four months before the filing of the petition, or after the filing of the petition and before the adju-dication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have any reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

This is an entirely fair, constitutional, and proper method of pro-cedure. It protects the rights of everybody concerned; and impatient creditors, proceeding against a debtor in bankruptcy, must be content with that remedy to recover the property, unless it may be that, in aid of the proceedings in bankruptcy, under certain exigencies, they may, by proper proceedings in equity, provisionally seize the property in the hands of the adverse holders, they being made defendants to a bill for that purpose. And it is worthy of remark that the foregoing sec-tion requires a specific intent on the part of the creditor before the property can be taken from him, and that intent cannot be assumed against him without his having a day in court to defend against it.

Frequent applications have been made to this court, under section 69, for warrants of seizure, under similar circumstances to those dis-closed in this application; and it is desired to take this occasion to call attention to the fact that this section 69 was not designed as a general grab-all attachment proceeding, nor a statutory remedy for the seizure of property fraudulently conveyed by an alleged insolvent debtor, nor is it in any sense to be made a summary proceeding against anybody but the alleged bankrupt, nor against any property except that which is in his own hands, or those of his acknowledged agents, and certainly not against any one claiming adversely to him. The application for a warrant against the property of Kelly in his own hands, or those holding for him as his agents, may be granted on this application, not-withstanding the imperfections of the affidavit already pointed out. The clerk will issue the necessary warrant, but will be careful to con-

fine it as indicated in this opinion. This indulgence is allowed only because practice under the act has not become fixed, by rule or otherwise, and excusably, since the act itself is meager in its provisions, being almost a mere skeleton, somewhat disjointed and inarticulate.

It is desired to call attention to another matter of practice, for the greater convenience of the administration of the bankrupt law, and, in my judgment, to secure a necessary segregation of two different proceedings. The involuntary petition filed, as before stated, is made at the same time an application for a warrant of seizure. Hereafter the petition for involuntary adjudication in bankruptcy must be confined to that purpose. Under section 69 of the act, the warrant of seizure can only issue after a petition by creditors has been filed, and possibly not until after notice of it has been given, though we need not determine that point now, but the implication of the statute is that it is altogether a separate proceeding. The same implication appears from section 3 (subsection e) of the statute, which seemingly is quite identical with section 69 in respect of the matter of seizure of the alleged bankrupt's property pendente lite. To avoid all confusion, they ought to be separated in practice, whether it is required by the statute or not. The separation will serve the useful purpose of calling attention of the parties to the fact that the seizure is a subsequent and independent proceeding, which is not necessarily a part of the proceedings in bankruptcy. It is a great deal better to keep the two distinct from each other. The clerk will formulate and submit a rule to enforce this separation of the two.

For information, the affidavit herein referred to will be copied in the margin below, so that, in future proceedings, the suggested imperfections therein may be corrected.[1]

Ordered accordingly.

[1] Copy of Affidavit.

"I,—— does hereby make solemn oath that the facts set forth in the creditors' petition in the above matter are true, which facts are substantially as follows:

"That on the —— day of January, 1899, the defendant, Ike Kelly, being then indebted to one Chas. A. Rogers, did sell, transfer, and convey to said Chas. A. Rogers all his stock of goods, situated in the town of Dyersburg, for the purpose of paying and fully satisfying the aforesaid indebtedness, and that no present consideration was advanced by said Chas. A. Rogers, except the probable assumption of one or two small debts.

"Affiant further makes oath that he obtained this information from said Chas. A. Rogers, party who purchased the said stock of goods and fixtures.

"Affiant believes the value of stock of goods, fixtures, etc., mentioned above, and set out in petitioner's bill, to be the sum of seven hundred dollars.

"Subscribed," etc.