In re BUNTROCK CLOTHING CO.

(District Court, N. D. Iowa, E. D. March 29, 1899.)

BANKRUPTCY—POSSESSION OF PROPERTY—MORTGAGEE.

Where personal property, scheduled as part of the assets of a bankrupt, passed into the possession of creditors holding mortgages thereon, before the commencement of the proceedings in bankruptcy, and is held by them as such mortgagees, they cannot be ordered to surrender such property to the trustee in bankruptcy, on his petition, in a summary proceeding in the court of bankruptcy. Yeatman v. Institution, 95 U. S. 764, followed.

In Bankruptcy. Submitted on certificate of referee.

F. F. Swale, for trustee.
W. J. Springer, for mortgagees

SHIRAS, District Judge. From the report of the referee in this case it appears that on the 13th day of December, 1898, the Buntrock Clothing Company, upon the petition of creditors, was adjudged to be bankrupt, and on the 22d day of December it filed a schedule of assets, consisting, mainly, of a stock of clothing and furnishing goods valued at $8,000. It further appears that on the 31st of August, 1898, the bankrupt firm executed a chattel mortgage on the stock of goods to W. J. Springer, as trustee, to secure certain debts,

alleged to be due and named in the mortgage, and on the same date executed another chattel mortgage to Shaffer Bros. to secure payment of certain notes held by them, and the mortgagees took possession of the property thus mortgaged before the initiation of the proceedings in bankruptcy. Upon the appointment of the trustee, he, under the instructions of the referee, demanded from W. J. Springer and Shaffer Bros. the delivery to him of the property included in the schedules filed by the bankrupt, and upon their refusal to yield up possession thereof he obtained from the referee the issuance of an order directing them to show cause why they did not deliver possession of the property to the trustee. In response to this order the mortgagees set forth in writing the fact that they were in possession of the property under the mortgages above described, and that the referee in bankruptcy, and this court sitting in bankruptcy, had not jurisdiction in the premises, and could not, in this summary mode, compel them to yield up possession of the mortgaged property to the trustee, and that the only remedy on part of the trustee was to bring 'suit in the proper state court for the possession of the property or its value. Upon a hearing before the referee, it was held by him that the trustee was entitled to the immediate possession of the property as part of the estate of the bankrupt firm, and an order was thereupon issued to the trustee, directing him to take possession of the property and to deal with the same according to law. The mortgagees excepting to this ruling, the matter has been certified up for review to this court, and thus is presented the question whether the court in bankruptcy can compel, by summary proceedings, the delivery to the trustee of property, forming part of the estate of a bankrupt, which is in possession of third parties, and which is held by them for their own benefit, and not merely as the agents or servants of the bankrupt.

This general question, under the provisions of the act of 1867, was considered by the supreme court in the case of Yeatman v. Institution, 95 U. S. 764, in which was involved the right to the possession of certain certificates of indebtedness issued by the state of Louisiana, which formed part of the property of the firm of O'Fallon & Hatch, who had been declared to be bankrupts. These certificates were pledged by the firm, before the initiation of proceedings in bankruptcy, as security for a debt due the New Orleans Savings Institution, and upon the appointment of the assignee in bankruptcy he demanded the surrender to him of the certificates, and upon the refusal to deliver up the same the assignee sued the savings institution for the value thereof. The supreme court held that the suit for wrongful conversion could not be maintained, and ruled that if the pledge was in fraud of the bankrupt act, and consequently void, the assignee might disregard the contract of pledge, and recover the property for the benefit of creditors, but, if the contract of pledge was valid, then the assignee would not be entitled to the possession of the property until he had redeemed the same by payment of the debt due the pledgee; the court saying that:

"If the assignee regarded them [the certificates] as of greater value than the debt for which they had been pledged, or if the interest of creditors re-

quired prompt action, he had authority, under the statute and the orders of court, to tender performance of the contract of pledge, or to discharge the debt for which the certificates were held. He had the right, perhaps, under the orders of the court, to sell them, subject to the claim of the defendant in error. If he desired a sale of them and a distribution of the proceeds, or if he doubted the validity of the pledge, he could have instituted an action against the corporation in some court of competent jurisdiction in Louisiana, and thereby obtained a judicial determination of the rights of the parties. But none of these obvious modes of proceeding were adopted. The receiver and assignee seem to have acted throughout upon the theory that they had the right, immediately upon and by virtue of the adjudication in bankruptcy, to assume control of all property of every kind and description, wherever held, in which the bankrupt had an interest, without reference to the just possession of others, lawfully acquired prior to the commencement of proceedings in bankruptcy, or to the liens, incumbrances, or equities which existed against the property at the time of the adjudication in bankruptcy. We have seen that such a theory is unsupported by law."

It seems to me that this ruling is applicable to the present statute, and that it is decisive of the questions certified to the court for its opinion. The facts show that the stock of goods, forming part of the estate of the bankrupt firm, had passed into the possession of the mortgagees before the proceedings in bankruptcy were instituted. As is said by the supreme court in the case just cited, if the trustee questions the validity of the mortgages, he can attack the same by proper proceedings to that end, or he may redeem the property by payment of the mortgage liens, or in other ways may perhaps protect the interests of creditors, but he cannot by summary proceedings compel the delivery of possession of property by third parties, who hold the same as mortgagees, and whose possession antedates the filing of the proceedings in bankruptcy.

It may be urged that the ruling of Judge Adams, of the Eastern district of Missouri, in Re Sievers, 91 Fed. 366, and which has been affirmed by the court of appeals for this circuit (92 Fed. 325), is in principle opposed to the view now advanced, in that it was therein held that property held by an assignee under a general deed of assignment for the benefit of creditors could be reached in a summary way by an order from the court in bankruptcy. In that case the assignee held possession for the benefit of creditors, and not in his own right. The deed of assignment was in itself an act of bankruptcy, and the facts showed that the parties interested in the property were the creditors of the bankrupt in whose behalf the proceedings in bankruptcy had been instituted, and no right of the assignee was invaded by transferring the possession of the property from the assignee. The difference in the facts makes the ruling in that case inapplicable to the question presented on the record now before the court.

For the reasons stated, I hold that the mortgagees cannot be compelled to yield up possession of the property in their hands, which passed into their possession before the proceedings in bankruptcy were begun, by an order entered in a summary proceeding of this character.