BEACH et al. v. MACON GROCERY CO. et al.

(Circuit Court of Appeals, Fifth Circuit. May 13, 1902.)

No. 1,135.

1. BANKRUPTCY—APPOINTMENT OF RECEIVER—ORDER TO SELL PROPERTY IN POSSESSION OF ADVERSE CLAIMANT.

It is error for a court of bankruptcy to appoint a receiver to take possession of property, and to make a summary order for the sale of such property, without the consent of the adverse claimant, who is in actual possession of such property claiming it as owner.

2. SAME—APPOINTMENT OF RECEIVER—NECESSITY OF BOND.

A court of bankruptcy is authorized to appoint a receiver to take possession of the property of one against whom a petition in involuntary bankruptcy has been filed and is pending only upon the giving of a bond by the petitioners therefor, as required by Bankr. Act, § 3e.

3. SAME—ADVERSE CLAIMANT OF PROPERTY—ANCILLARY PROCEEDING FOR INJUNCTION.

On the filing of an ancillary bill in equity by creditors who have filed an involuntary petition in bankruptcy against their debtor, alleging that a third person claims possession and ownership of property which is in fact a part of the bankrupt's estate, and on proper notice, the court has power to issue an injunction restraining such person from selling or incumbering the property pending the hearing on the petition, and, in case an adjudication is made, until the trustee can proceed adversely against the claimant to determine the title to the property.

In Bankruptcy. Petition to superintend and revise the action of the district court.

Creditors filed a petition in involuntary bankruptcy against Asa N. Beach, and on the same day filed an ancillary bill in the district court, praying the appointment of a receiver to take charge of all of the property of the alleged bankrupt, including certain property described in the bill. The bill alleged that Julia M. Dixon claimed to be the owner and in possession of such property, but that such claim was fraudulent and unfounded, the property being in fact owned by the bankrupt and in his possession. An ex parte order was made appointing a receiver as prayed. Subsequently Beach answered the petition, denying the petition, denying the alleged acts of bankruptcy, and also answered to the bill during its allegation, and filed a motion for the discharge of the receiver. Miss Dixon also filed an answer to the bill denying its allegations with respect to the property claimed by her, and alleging that she was the owner and in possession of such property when the bill was filed, and that it was taken from her possession by the receiver. She also filed a motion for the discharge of the receiver so far as related to her property, which motion was denied, as was also that of Beach. On application of the receiver, and against the objections of Miss Dixon, he was

¶ 3. See Bankruptcy, vol. 6, Cent. Dig. §§ 156, 158.

ordered to sell certain of the property, which he did, and the sale was confirmed. Beach and Miss Dixon joined in a petition to superintend and revise such proceedings. No bond was given by the petitioning creditors prior to the appointment of the receiver, but after the filing of the petition in the circuit court of appeals an order was made by the district court on their application permitting them to file such bond nunc pro tunc.

John P. Ross, for petitioners.
John I. Hall and Olin J. Wimberly, for respondents.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. After carefully considering the entire record in this case and the argument of counsel, we have reached the following conclusions:

1. The order made appointing a receiver of the property shown by the ancillary bill to be held and claimed adversely by Julia M. Dixon should be reversed, and the receiver, Fred. R. Martin, directed to surrender to her all of said property, and all property taken from her possession by authority of said order.

2. The order, made without bond, so far as it appoints a receiver of the property held and claimed by the bankrupt, Asa N. Beach, individually or as a member of a firm, should be reversed, and all of said property held by the receiver should be surrendered by the receiver to said Beach.

3. The order directing a sale of parts of said property should be reversed. Where parts of said property claimed by Julia M. Dixon have been sold by the receiver, and purchased and paid for in cash by her, the receiver should be directed to return the money so paid to her, and she allowed to retain possession of the property as original claimant in adverse possession, and not as purchaser at the sale.

4. The sixty-ninth section of the bankrupt law provides a mode of protecting the alleged bankrupt's estate pending the adjudication of an involuntary bankrupt, and, upon a compliance with the provisions of that section, the bankruptcy court can deal with the property of said Asa N. Beach through seizure by the marshal; or, under the court's general equity powers, the court can otherwise protect the property by the appointment of a receiver, or through an injunction.

5. On the facts alleged in the ancillary bill, an order on motion and notice may be made by the bankruptcy court restraining and enjoining Julia M. Dixon from disposing of or removing or incumbering any of the property described in the ancillary bill until the trial of the issue joined on the petition in involuntary bankruptcy against Asa N. Beach, and, if said Asa N. Beach be adjudged a bankrupt, then until a trustee can be appointed and authorized to proceed adversely against the said Julia M. Dixon to recover all property of Asa N. Beach alleged to be fraudulently held by her.

6. The respondents herein, the Macon Grocery Company, Inman, Smith & Co., and J. Reginstein are taxed with the costs in this court, and with the costs of the proceedings on ancillary bill to appoint a receiver, and with the costs of the receivership, including the com-

pensation of the receiver and his expenses, to be ascertained and allowed by direction of the district court.

Reversed.