### In re SMITH.

(District Court, D. Rhode Island. January 14, 1903.)

#### No. 294.

1. BANKRUPTCY—PROPERTY VESTING IN TRUSTEE—CONDITIONAL PURCHASE BY BANKRUPT.

> The trustee of a bankrupt has no equitable standing to enjoin the removal from a building of a steam engine which the bankrupt had not paid for, nor acquired the legal title to, without an offer to pay to the owner the unpaid purchase price.

In Bankruptcy. On trustee's petition for an injunction.

E. D. Bassett, for the trustee.

Edwards & Angell and E. P. Jastrane, for John W. Cole.

BROWN, District Judge. The trustee of Edward E. Smith, bankrupt, seeks to enjoin John W. Cole from taking by replevin and removing from a certain building a steam engine. The evidence shows clearly that the bankrupt acquired no legal title to the engine. The trustee contends, however, that it has been so attached to the real estate that it has lost its character as personal property. While I am of the opinion that, in view of the contract between Smith and Cole, and of the removable character of the engine, it did not become part of the realty, yet, even if we concede that it did, the trustee can have no equitable standing without a tender to Cole of the unpaid balance of the contract price. The asset which the trustee seeks to protect is, upon his contention, composed of the bankrupt's right to purchase certain real estate, and of Cole's steam engine added thereto; but the bankrupt had neither legal nor equitable title to Cole's engine, and if, in any way, there could be accomplished the merger of Cole's engine and the right of the bankrupt to purchase the real estate according to the contract with McCrillis, the whole resultant asset would not belong to the bankrupt or his creditors. Cole would be the equitable owner of said asset to the extent of the value contributed by him thereto, which would be at least the amount of the unpaid balance of the contract price for the engine. Without an allegation of willingness and ability of the trustee to make payment to Cole of the unpaid balance, the petition presents no case for equitable relief.

Petition denied.