MORNING TELEGRAPH PUBLISHING CO. *v.* S. B. HUTCHIN-
SON CO.[1]

BANKRUPTCY—COURTS—JURISDICTION—PROPERTY OF BANKRUPT—
CUSTODY—ADVERSE CLAIMS.

Where, at the time process from a bankruptcy court was served,
certain property was not in possession of the bankrupt, but
was in possession of the representative of certain of his cred-
itors, under a conveyance which gave him the right of posses-
sion as against the bankrupt, the bankruptcy court did not ac-
quire constructive possession of the property so as to prevent an
adverse claimant from maintaining replevin against the rep-
resentative of the creditors in the State court.

Certiorari to Wayne; Mandell, J.   Submitted June 6,
1906.   (Docket No. 15.)   Decided October 1, 1906.

Replevin by the Morning Telegraph Publishing Com-
pany against the S. B. Hutchinson Company and John
B. Corliss, trustee.   Adolphus Fixel, trustee in bank-
ruptcy of defendant corporation, intervened by petition
and moved to vacate the writ of replevin.   There was an
order denying the motion, and intervener brings certiorari.
Affirmed.

*Bernard B. Selling*, for appellant.

*Miller, Smith, Alexander & Paddock*, for appellee.

HOOKER, J.   The plaintiff brought replevin for some
type-setting machines against the S. B. Hutchinson Com-
pany and John B. Corliss, trustee.   The property was
taken under the writ and delivered to the plaintiff, a
proper bond having been given by him.   The affidavit
and writ were dated February 25, 1905.   The sheriff's
return shows a service of the writ on February 25th,
and delivery of the goods to the plaintiff on March
2d.   Declaration was filed March 10th, and on some day,

[1] Rehearing denied November 7, 1906.

not stated, Corliss, Leete & Joslyn entered their appearance for the defendants, and demanded a copy of the declaration.

On November 2, 1905, Adolphus Fixel, describing himself as trustee of the estate and effects of the S. B. Hutchinson Company, a Michigan corporation, bankrupt, and appearing specially for the purpose, moved the court (1) to set aside the appearance of counsel for the defendant as unauthorized and void; (2) to set aside the service of the writ of replevin, and the seizure of the goods described as null and void; (3) that the action be dismissed; (4) that the plaintiff deliver to Fixel, trustee in bankruptcy, the goods and chattels aforesaid; and (5) if the goods have been disposed of, the value thereof.

No specific ground was stated in the motion. An affidavit was filed as the foundation of the motion. It alleges the filing of a petition in bankruptcy against the S. B. Hutchinson Company on February 23d; that on February 21st the S. B. Hutchinson Company had executed a mortgage to Corliss, trustee, and that such was an act of bankruptcy; that the S. B. Hutchinson Company had been insolvent for many months, and that on February 25th Paddock, a member of the firm of Miller, Smith, Alexander & Paddock, plaintiff's counsel, having in charge the replevin suit, had reason to believe, and actually did believe, said company to be then insolvent; that subpoena in the bankruptcy case was served on the S. B. Hutchinson Company on February 24th; that deponent was appointed receiver in the bankruptcy proceedings on March 2d; that on March 10th said S. B. Hutchinson Company was adjudicated a bankrupt, and that he qualified as such trustee; that the replevin suit was not commenced until February 25th, after the service of the subpoena in the bankruptcy case; that Corliss, Leete & Joslyn entered a general appearance for the S. B. Hutchinson Company on March 14th, and that he, the trustee, never authorized it, and any authority previous to his appointment had been terminated by the adjudication in

bankruptcy; that the delay in filing the motion was caused by the delay in filing the sheriff's return in the replevin case which was not done until some time in October, 1905. A transcript of the record in bankruptcy was also filed. Upon the hearing the motion was denied and proceedings stayed for 30 days. A writ of certiorari has been issued at the instance of the intervener.

We pass all questions relating to the right of a stranger to the record, who has obtained no order permitting him to intervene, to interrupt the proceedings in an action, by removing it to this court on an interlocutory application to dismiss, and assuming, but not deciding, that Act No. 310, Pub. Acts 1905, authorizes such procedure for removal, we proceed to a consideration of the question whether the cause should have been dismissed for want of jurisdiction, as that is the only question that can be raised on this record, if the act applies. Petitioner's motion rests on the claim that when the petition in bankruptcy was filed, and process was served upon the S. B. Hutchinson Company, the Federal court acquired jurisdiction of the bankrupt's estate, and constructive possession of all the bankrupt's property in its possession, or in the possession of its agent; that this property was in the possession of one or the other, and that a seizure upon a writ of replevin issued later, was a violation of the rule that property in the custody of the law is not subject to seizure on judicial process, issued from another court.

It appears that on February 21st Louis Katz, a creditor, caused a writ of attachment to be levied on certain property of the S. B. Hutchinson Company, about 2 p. m. of that day, and it is claimed that the sheriff maintained his possession throughout February 21st, 22d, and 23d. On February 21st the Hutchinson Company made a mortgage to Corliss, in trust for the benefit of certain of its creditors. Corliss accepted the trust on the same day. There is testimony tending to show that he took possession of the property on February 21st, and maintained it until the goods were replevined on the writ in this cause, and the

referee in bankruptcy seems to have so found. We incline to the opinion that the weight of authority sustains the petitioner's claim, that jurisdiction, over the property of the bankrupt in his possession, attached with the service of process, and constructive possession thereof was thereby acquired by the Federal court. It is, however, unnecessary to determine this question, for the reason that the case can turn upon another.

At the time that the Federal court process was served this property was not in the possession of the bankrupt. He had parted with such possession, and there is testimony showing it to have been in the hands of Corliss, not in the capacity of agent of the bankrupt, but as a representative of certain creditors, under a conveyance which conferred such rights, and against whom, by reason of such conveyance, the bankrupt had no right of possession. Consequently when the petition in bankruptcy was filed, the court did not acquire constructive possession, because it could not acquire possession of property held and claimed adversely by third parties. Such party was entitled to a hearing before he could be deprived of his possession. We need not spend time in a discussion of the means necessary for the petitioner to adopt to acquire possession of such property, if he claimed the adverse holding was fraudulent. It is enough that by reason of the situation that court did not acquire actual or constructive possession, through the filing of the petition in bankruptcy, and had not done so up to the time the plaintiff asserted his claim, by commencing the replevin suit, whereby he terminated the possession of Corliss, and established his own, one no less adverse to the bankrupt. If it be said that Corliss did not have the possession, and that the property was in the actual possession of the sheriff, holding by virtue of a levy of an attachment issued from a State court, the case is not weaker, for it not only shows that it was held adversely by the sheriff, but that actual possession was in the court issuing the attachment, and hence could not be in the Federal court, and before those

proceedings were terminated the plaintiff acquired his possession through a writ issued by the same court.

That property held adversely at the time the petition in bankruptcy is filed is not the subject of summary appropriation by the district court, and that such a holding as this is an adverse holding are rules deducible from the following cases:

*In re Rockwood*, 91 Fed. 363, is a case where one holding under a chattel mortgage at the time that the petition in bankruptcy was filed was held to be an adverse claimant and the property was not subject to seizure upon a warrant issued to the marshal. It was said:

"Section 69 [Act July 1, 1898, 30 U. S. Stat. chap. 541] does not confer any authority on the court to arbitrarily deprive her of the possession of property held by her under a claim of title."

Again, in *Re Kelly*, 91 Fed. 504, it was said:

"It [the act] cannot be so extended as to authorize the summary seizure of property in the possession of a third person, not a party to the proceedings, who claims title thereto, under a conveyance from the bankrupt, although such conveyance is alleged to be an illegal preference, and voidable under the act."

*In re Buntrock Clothing Co.*, 92 Fed. 886, is a similar case. There personal property scheduled as assets passed into the possession of creditors holding mortgages thereon, before the commencement of bankruptcy proceedings, and was held by them. It was held that they could not be compelled to surrender them to the trustee on his petition, in a summary proceeding, in the court of bankruptcy; citing *Yeatman v. Savings Institution*, 95 U. S. 764. See, also, *Boonville Nat. Bank v. Blakey*, 107 Fed. 893.

In *Beach v. Grocery Co.*, 116 Fed. 143, the circuit court of appeals, fifth circuit, held that it was error for a court of bankruptcy to appoint a receiver to take possession of property, and to make a summary order for the sale of such property, without consent of the adverse

claimant in actual possession.   See, also, *In re Andre*, 135 Fed. 736.

In the case of *Eyster* v. *Gaff*, 91 U. S. 521, it was said:

" The opinion seems to have been quite prevalent in many quarters at one time, that, the moment a man is declared bankrupt, the district court which has so adjudged draws to itself by that act not only all control of the bankrupt's property and credits, but that no one can litigate with the assignee contested rights in any other court, except in so far as the circuit courts have concurrent jurisdiction, and that other courts can proceed no further 'in suits of which they had at that time full cognizance; and it was a prevalent practice to bring any person, who contested with the assignee any matter growing out of disputed rights of property or of contracts, into the bankrupt court by the service of a rule to show cause, and to dispose of their rights in a summary way.   This court has steadily set its face against this view.

" The debtor of a bankrupt, or the man who contests the right to real or personal property with him, loses none of those rights by the bankruptcy of his adversary.

" The same courts remain open to him in such contests, and the statute has not divested those courts of jurisdiction in such actions.   If it has for certain classes of actions conferred a jurisdiction for the benefit of the assignee in the circuit and district courts of the United States, it is concurrent with and does not divest that of the State courts."

And in *Bardes* v. *Hawarden Bank*, 178 U. S. 532, it was said:

" It was also repeatedly held by this court that the right of an assignee in bankruptcy to assert a title in property transferred by the bankrupt before the bankruptcy to a third person, who now claimed it adversely to the assignee, could only be enforced by a plenary suit, at law or in equity, under the second section of the act of 1867; and not by summary proceedings under the first section thereof, notwithstanding the declaration in that section that the jurisdiction in bankruptcy should extend 'to the collection of all the assets of the bankrupt,' and 'to all acts, matters and things to be done under and in virtue of the bankruptcy,' until the close of the proceedings in bankruptcy."

Again, in *Louisville Trust Co.* v. *Comingor*, 184 U. S. 18, it was held that where an assignee asserted adverse claims existing at the time the petition was filed they could not be disposed of on summary proceedings.

The case of *Mueller* v. *Nugent*, 184 U. S. 1, upon which counsel relies as supporting his claim, is not at variance with this rule, if we understand it aright, as we think appears from a review of that case in *York Manfg. Co.* v. *Cassell*, 201 U. S. 344. See, also, *In re Wells*, 114 Fed. 222; *Kennedy* v. *Loan Co.*, 100 Mo. App. 269; *In re Smith*, 9 Am. Bankr. Rep. 590, 119 Fed. 1004. If correct in these conclusions, it would seem to follow that the State court was the first to acquire possession of this property, and therefore that it should retain jurisdiction of the replevin suit. There is no hardship in this; for, upon a proper application, the trustee would doubtless be permitted to intervene and defend the replevin case.

The order of the circuit court is affirmed.

CARPENTER, C. J., and McALVAY, OSTRANDER, and MOORE, JJ., concurred.