## In re BACON.

(Circuit Court of Appeals, Second Circuit. February 11, 1908.)

### No. 69.

BANKRUPTCY—JURISDICTION—ESTOPPEL TO DENY.

On a petition to review an order affirming a referee in bankruptcy's order holding the title to personalty claimed by bankrupt's wife to be in the trustee, she cannot question the referee's jurisdiction to examine into her claim, where she took no steps to review previous orders of the District Court ordering the bankrupt to deliver the property to the trustee, subject to the wife's right to establish her title thereto, the bankrupt complying with the order, and affirming the referee's order requiring her to forthwith assert her title, and where she appeared before the referee and answered his order, and much testimony was taken.

Petition to Review Order of the District Court of the United States for the Western District of New York, in Bankruptcy.

This cause comes here upon petition to review an order of the District Court affirming an order of the referee in bankruptcy which held that the title to certain property was in the bankrupt, instead of the claimant, his wife Pauline M. Bacon.

Hammond & Hammond, for petitioner.
George E. Zartman, for respondent.
Frederick L. Manning, for trustee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The property consisted of a certificate of stock for 200 shares of Steel common, a certificate for 100 shares of Southern Railway, and a check of Haven & Clement, brokers in New York City, for $2,053.69. The certificates stood in the name of third parties, and transfer thereof had been executed in blank. The name of the bankrupt was filled in, for safety in transmission, when the brokers sent them to him in April, 1904. The check was to his order and represented a balance of account which the brokers had carried on for some time in his name. Immediately upon receipt of the property Bacon indorsed the check to his wife and placed it and the certificate in a safe in his house. He was adjudicated a bankrupt on May 4, 1904. In the summer of 1904 he took the property from the safe, inclosed it in an envelope marked to be delivered to his wife or himself, and placed it as a special deposit in a bank. His wife and himself both testify that the stock was bought with her money by him as her agent, and that the transactions with Haven & Clement were really her own, with her own money conducted by her husband as her agent.

On September 6, 1904, after hearing the attorneys for the trustee and the bankrupt and filing an affidavit of the wife setting up a claim to the property, the District Court made an order which directs that the bankrupt forthwith deliver the property to the trustee, and that he also execute such indorsements of the check and transfers of the stock as would enable the trustee to collect the check and make good delivery of the stock. It further provides that the trustee shall hold the property or its proceeds "as a special fund until the said Pauline M. Bacon shall by a final order or decree of this court, or by a final decree of some other court of competent jurisdiction, establish her title to said property as the owner thereof; * * * this order being without prejudice to the right of Mrs. Pauline M. Bacon to establish the title which she claims to said property and to recover the same or the value thereof." This order was never appealed from, nor was any petition to review it filed. In compliance with its terms the bankrupt went with the trustee to the bank and there turned over the property to him on September 9, 1904. Subsequently, on November 3, 1904, the referee made an order requiring the wife to "forthwith assert and propound to the referee any right, title, claim, or interest which she has or claims to have in said check, or in said certificates of stock, or in either or any of them." This order was reviewed by the district judge, who affirmed it July 15, 1905, filing the following memorandum:

"The property was in the possession of or under the control of the bank-rupt at the time of filing the petition, and accordingly the bankruptcy court has jurisdiction to determine the title to the check and certificates of stock in question. The right to litigate the bankrupt's title is not interfered with.

The direction of the referee that Mrs. Bacon have leave to prove her superior claim to the property before him was proper. The report is approved."

No steps were taken to review this order of the District Court. The wife appeared and filed an answer, much testimony was taken, the referee held that the title to the property was in the trustee, and his order to that effect was sustained by the District Court February 19, 1907. The petition now before us is to review said last-mentioned order.

The property in question was in the actual custody of the trustee, having been turned over to him by the bankrupt himself, when the claim of title was examined into. Having elected to go on with such examination without taking any steps to review the orders under which it was conducted, petitioner cannot now be heard to question the jurisdiction. If consent were necessary to give jurisdiction, such consent will be inferred from the circumstances that she proceeded under the order of July 15, 1905, without seeking to review it. In disposing of the case on this ground, however, we are not to be understood as expressing the opinion that such consent was necessary. The situation of the case as presented renders it unnecessary to decide that question, to which the briefs and arguments were mainly addressed.

The order of the District Court is affirmed.