In re FRIEDMAN et al.

(Circuit Court of Appeals, Second Circuit. April 14, 1908.)

No. 211.

1. APPEAL—RECORD—SUFFICIENCY.

A record on appeal is defective where it fails to give the filing date of several orders contained in it.

2. BANKRUPTCY—RIGHTS OF THIRD PERSONS—SUMMARY PROCEEDINGS—JURISDICTION OF DISTRICT COURT.

The District Court had jurisdiction in a bankruptcy proceeding to make a summary order directing third persons to pay over to the temporary receiver sums of money which they claimed they did not have or which they claimed were their own property. ·

3. SAME.

Persons summarily ordered in a bankruptcy proceeding to turn money over to the temporary receiver as belonging to the bankrupt may not complain that they were given no opportunity to call witnesses in their own behalf or cross-examine those testifying against them, where they , presented their own affidavits and might have presented as many other affidavits as they pleased, where the testimony against them was in part their own; giving them as full opportunity to explain it under oath as if their own counsel were cross-examining them orally; where they made no request to cross-examine other witnesses against them nor that they be examined or cross-examined; and where, after being advised by the order to show cause of the claim made against them, they had every opportunity to make their own presentation of the facts, and to make any objection to the testimony referred to in such order to show cause.

4. SAME—REVIEW—OBJECTION NOT MADE BELOW.

On petition to review an order directing petitioners to pay money to a temporary receiver in bankruptcy, they may not complain for the first time that a copy of the testimony taken under Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3430), providing for the examination of persons respecting acts of a bankrupt, was not served with the order to show cause why the order directing the payment should not be made. The objection should have been made at or before the argument in the District Court.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York, in Bankruptcy.

For opinion below, see 153 Fed. 939.

This cause comes here upon petition to review an order of the District Court, dated April 13, 1907, directing petitioners to pay over to the temporary receiver certain sums of money.

Emanuel Herz, for petitioners.

William Lesser, for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. On March 22, 1907, an involuntary petition in bankruptcy was filed against Abraham Friedman, and a temporary receiver was appointed. The record submitted on this appeal is defective, in that it fails to give the filing dates of several of the orders contained in it, but it is apparent that receiver was appointed promptly probably on the day petition was filed. Adjudication of bankruptcy followed on April 4, 1907.

An order was obtained under Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3430), for the examination of various persons, including these petitioners Celia Friedman, Max Levinson, and Samuel Wiltchik, who attended and were examined on March 26th, 27th, 28th, and 29th. It developed that on the night of March 17, 1907, the bankrupt, a shoe dealer, sold his entire stock, receiving therefor $3,850. His wife was present, and it is not disputed that at one time, while counting it, she had the money in her possession. For a further statement of the facts reference may be had to In re Friedman (D. C.) 153 Fed. 939.

On March 27th an order was made requiring Celia Friedman to show cause why an order should not be made requiring her to turn over forthwith to the temporary receiver the sum of $3,850. On March 28th a like order was made requiring the Jenkins Trust Company, Max Levinson, and Samuel Wiltchik to turn over to the receiver the proceeds alleged to be in their possession of the sales made by the bankrupt. These orders to show cause were upon the testimony taken as aforesaid of Celia Friedman, of Max Levinson, her brother, William Herrman, a notary public, and Harris Perlmutter, an auctioneer. After an adjournment the motion came on for a hearing on April 8th, petitioners appearing by counsel and filing each an affidavit in opposition. On April 13th the District Court made and entered the order now sought to be reviewed. Pending proceedings to review new counsel have been substituted for petitioners.

It is contended that the District Court had no power to make a summary order directing third parties to pay over to the temporary receiver sums of money which they insisted they did not have or were their own property. There is no indication anywhere in the record that these petitioners raised any objection to the jurisdiction of the bankruptcy court to determine the question whether the several sums of money were or were not the property of the bankrupt, nor objected that the question could not be determined summarily. Many cases are cited on the briefs; but it is unnecessary to discuss them. Whatever might have been our own views on the general exercise of summary proceedings to seize hold of property which, before the petition in bankruptcy was filed, was in the actual possession of third persons who assert that they own it (In re Baudouine, 101 Fed. 574, 41 C. C. A. 318), we are concluded by the language of the Supreme Court in Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. In that case money which the bankrupt had collected a short time before bankruptcy was in the hands of his son, and the bankruptcy court made a summary order directing him to turn it over. The son did not make any specific claim of title to the property, merely insisting that he should not be called upon thus summarily to give it up, when he had it in his individual possession before bankruptcy. The court said:

"But suppose that respondent had asserted that he had the right to possession by reason of a claim adverse to the bankrupt, the bankruptcy court had power to ascertain whether any basis for such claim actually existed at the time of the filing of the petition. The court would have been bound to enter upon that inquiry, and in doing so would have undoubtedly acted with-

in its jurisdiction, while its conclusion might have been that an adverse claim, not merely colorable, but real even though fraudulent and voidable, existed in fact, and so that it must decline to finally adjudicate on the merits. If it erred in its ruling either way, its action would be subject to review."

.Much is made in argument of the proposition that petitioners were given no opportunity to call witnesses in their own behalf or to cross-examine such witnesses as testified against them. The facts do not warrant such argument. Petitioners presented their own affidavits, and might have presented the affidavits of as many other persons as they pleased. The testimony against them was in part their own, which they had as full opportunity to explain under oath as if their own counsel were cross-examining them orally. As to the testimony of the notary public and the auctioneer, no request to be allowed to cross-examine them was made. It must be assumed that such a reasonable request would have been granted by the District Court had it been made. The case differs fundamentally from In re Rosser, 4 Am. Bankr. Rep. 153, 101 Fed. 562, 41 C. C. A. 497, where the bankrupt never had any opportunity to show cause why he should not be ordered to turn over certain money. It was stated on the argument, and not denied, that the petitioners were personally in court on the return of the order to show cause and on the argument, but no request was made to the court to examine or cross-examine them or to refer the matter for further examination. After being advised by the order to show cause of the claim made against them, they had every opportunity to make their own presentation of the facts, and to make any objection they might be advised to the testimony referred to in such order to show cause. The objection now made that a copy of the testimony taken under section 21a was not served with the order to show cause comes too late. It should have been made at or before the argument in the District Court.

We have examined the testimony and affidavits, and may state that, if the issues of fact were properly before us, we would be inclined to decide them as the District Court has.

The order is affirmed, but, as this petition to review was heard in forma pauperis, without costs.