## In re MILLS.

(District Court, E. D. New York. June 20, 1910.)

1. BANKRUPTCY (§ 21*)—JURISDICTION—WAIVER.

Where, in a proceeding in bankruptcy against stockholders of a corporation to compel the delivery of their stock to the bankrupt's trustee, on the theory that an exchange of property for the stock by the bankrupt in the first instance was fraudulent, the stockholders, by answering to the merits, waived an objection to the jurisdiction of the bankruptcy court to determine the issue of title to the stock.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 21.*]

2. BANKRUPTCY (§ 250*)—ASSETS—TITLE TO CORPORATE STOCK—DETERMINATION.

Where more than four months had elapsed between the date of issuing stock of a corporation and that of filing a petition in bankruptcy against M., who organized the corporation and transferred his property in exchange for stock, a part of which he had transferred to others, and in proceedings against such stockholders to recover the stock for the benefit of his estate in bankruptcy, on the theory that the transfer was originally void as to his creditors, it appeared that one of the alleged owners was an infant and that various other transactions and events were involved in determining the title of the stockholders, the matter should be determined in a plenary suit by the trustee, and not in a summary proceeding in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 250.*]

In the Matter of Clifford D. Mills, bankrupt. Application of petitioning creditors, directed to various stockholders of a corporation formed by the bankrupt, asking that the stock be turned over to the trustee in bankruptcy as the property of the bankrupt's estate, on the theory that the original transfer by the bankrupt of his property to the corporation in exchange for stock was fraudulent ab initio. Application denied, with leave to trustee to bring a plenary action for such relief.

Lesser Bros. for trustee.

Wingate & Cullen, for People's Trust Company.

Pitney, Hardin & Skinner, for C. D. Mills Baking Co. and others.

William W. Butcher, in pro. per.

Coombs & Wilson, for bankrupt.

CHATFIELD, District Judge. The petitioning creditors previously made .application to this court to have certain property, formerly belonging to the bankrupt, but transferred by him to the C. D. Mills Baking Company, a New Jersey corporation, at the time of its organization, turned over to the trustee in bankruptcy as a part of the bankrupt's estate. This motion was denied; the record in the case showing that the property had been in fact transferred to the corporation as a consideration in kind for the capital stock issued by the corporation upon the subscriptions of the original stockholders, and that the greater portion of the stock was taken by Mr. Mills, or disposed of at his direction; the remaining few shares of stock being issued to the attorney for his services in connection with the organization.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The decision on that motion was based upon the case of In re Muncie Pulp Co., 139 Fed. 546, 71 C. C. A. 530, and another application has now been made, directed to the various stockholders and to the corporation, asking that the stock of that corporation be turned over to the trustee in bankruptcy as the property of the bankrupt estate, upon the theory that the original transfer by Mills of his property, in exchange for the stock of the corporation, was fraudulent and void ab initio. To this motion objection has been made by the various parties cited, as well as by the corporation, which still has some of the stock unissued in its treasury, claiming that the court has no jurisdiction to dispose of the issue involved; these parties in their answers claiming title to the stock in question and denying the necessary elements by which fraud could be proven.

Clifford D. Mills, personally, was the holder of 10 shares of stock, which have been turned over to the trustee in bankruptcy. His daughter, Dorothy M. Mills, was made the recipient of 70 shares of stock, issued to Clifford D. Mills as trustee for her; she being an infant. Fifteen shares of stock were issued to one Potter, who had been superintendent for Mr. Mills for a considerable period, and who it is claimed by Mr. Mills had become entitled to some share in the business, which he had aided in building up, as well as being a man whom the corporation needed to keep interested in the business. Five shares of stock were transferred to one William W. Butcher for services, and subsequently sold by him to William H. Agard, who apparently gave a note therefor. This note, in some way, appears to have got into the possession of Mr. Mills, and he has destroyed the note, or has not called for its payment. This accounted for the 100 shares of stock issued by the corporation, referred to in its minutes as "fully paid up" stock, for which cash had been turned in.

The various respondents upon this motion have attempted to appear specially and to interpose only such statements or answers as would form a basis for their pleas that this court has no jurisdiction to determine the title to property in the possession of other parties claiming to be bona fide holders of title. Each of these parties has, however, presented an answer, by which certain facts are admitted, and as to which there can be no controversy, showing the situation as above.

The petition in bankruptcy was filed on the 26th day of August, 1909, and the corporation in question was formed and the shares of stock issued about the 5th day of March, 1909. It is apparent that the property in question is not in the possession of the trustee, and that this court has not jurisdiction to determine these questions of title, upon any theory that the stock is, at present, a part of the estate in the hands of the trustee. Nor do the admitted facts show conclusively a condition of affairs from which fraud must be inferred, and upon which the court or any one considering the transactions could assume the responsibility of concluding that the transactions were void, as has been held in the case of In re Friedman, 161 Fed. 260, 88 C. C. A. 306, affirming Id. (D. C.) 153 Fed. 939.

On the other hand, the actions of Mr. Mills were valid and his transfers unassailable only in case he was solvent at the time, and if

his gift of assets to other parties would not work a fraud upon his creditors. No actual consideration passed either from Dorothy M. Mills nor from Mr. Potter in return for their stock. It was equivalent to a gift, and could not be valid, therefore, in the absence of consideration, unless Mills were in a position to make a gift of the sort in question. The stock issued to the attorney would be in a different class, and the transfer to him valid, if it had been retained. But the subsequent transaction between Mr. Agard and Mr. Mills in reference to the promissory note makes it possible that testimony would prove the transmission of these 5 shares of stock to be lawful only in case Mills had the right to make a transfer thereof without consideration. The 10 shares of stock issued to Mr. Mills himself are not involved, inasmuch as they are a part of his property and have been turned over.

The respondents have appeared specially to question jurisdiction, but have voluntarily filed answers which show the weakness of the claims of title, if Mills was not solvent at the time of transfer, or was rendered insolvent by the transfer. By these answers, the presumptive invalidity of their acquisitions of stock as against creditors, unless they can sustain the burden of proving the right on the part of Mr. Mills to cause the stock to be transferred to them at that time, has been brought to the attention of this court, and they have submitted to its jurisdiction, to the extent of submitting the question of jurisdiction to the determination of this court. But further complication is added by the fact that Dorothy M. Mills is an infant, and must be represented by some one capable of protecting her legal rights, and separated from her father's position as voluntary trustee of the shares of stock for her, while at the same time the bankrupt herein and the person from whom the property in question was acquired by her by gift.

Upon the entire situation it would seem that, inasmuch as more than four months elapsed between the date of issuing the stock in question and that of filing the petition in bankruptcy, inasmuch as various other transactions and many different events must be passed upon in determining whether the title of the holders of the stock is valid, and as that stock is in their possession under a claim of title, the issue should be determined in an action, rather than in a summary way by this court, even though there might be sufficient to hold the summary proceeding in this court upon the facts voluntarily presented by the answers above set forth. The trustee should bring his appropriate action, if the creditors so desire; but in the meantime he should be protected against further transfers of the stock in question, and the parties holding the same will be restrained from transferring or incumbering it, except after application to this court to modify that restraining order.