## In re MICHAELS.

(District Court, E. D. New York. March 5, 1912.)

BANKRUPTCY (§ 241*)—ADMINISTRATION OF ESTATE—FALSE TESTIMONY—CON-
TEMPT.

Evidence in a bankruptcy proceeding examined, and *held*, that a wit-
ness was guilty of contempt for giving false testimony on an issue as to
whether a sale of a stock of goods was collusive.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 398, 402–
404, 408, 409; Dec. Dig. § 241.*]

In the matter of Burt H. Michaels, bankrupt. On motion to pun-
ish Israel Diness for contempt, he is cited before the court for pun-
ishment.

Lesser Bros., for trustee.

Meyer Greenberg, for bankrupt.

CHATFIELD, District Judge. The testimony shows that one
William Hermann, a notary public, and one Israel Diness, a specula-
tor in merchandise, were called as witnesses in an attempt to show
that a sale to one Rothman of the stock of goods in the hands of the
bankrupt, a few days before the filing of the petition, was collusive,
and that both Diness and Hermann were parties, or acted with knowl-
edge of the collusion, in helping to carry out the sale by the bank-
rupt, which was presumptively fraudulent, and which by the testi-
mony appears to have actually occurred in such a way as to strengthen
this presumption of fraud. The purchaser at this sale has not been
and cannot be located. The notary public, Hermann, and Mr. Diness
showed apparent unwillingness to recall events, while professing a
desire to assist the creditors, although Diness testified freely to the
effect that he knew nothing wrong or questionable in the transaction,
and also protested with much volubility that he had no knowledge of
the goods, after his own bid was refused, as he was promised a small
amount by the intending purchaser to keep him from further bidding.
Under these circumstances a long examination was had, and the ref-
eree has reported, in a certificate which shows fully his lack of belief
in the protests of the witnesses Diness and Hermann, that their
behavior and refusal to answer differently than they did answer was
contemptuous, within the provisions of the bankruptcy act, and rec-
ommends such action as to the court seems just and necessary.

There is no evidence showing that either the witness Hermann or
the witness Diness has any property of the bankrupt in his possession,
and no application to compel them to turn over property has been
made. Upon the return of an order to show cause why they should not
be punished for contempt, the matter was referred to the United
States attorney for prosecution, if perjury had been actually commit-
ted, as was implied by the petition on which the order to show cause
was based. The United States attorney has reported that no ground
for such an indictment exists, and in fact it appears that the statute of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

limitations had run before the matter was brought to the attention of the court upon the certificate of the referee.

The motion to punish the witness Diness for the contempt set forth in the referee's certificate has now been brought on again before the court, and during adjournment the court has directed that the witness Hermann be brought before the court at the same time, as his testimony seems to contradict that of Diness, and one or the other of these men has avoided telling what they both seem to know about the matter. But the witness Hermann has not been served, and is said to have filed the jurisdiction for this or some other reason, his whereabouts being unknown even to his son-in-law, an attorney. It is apparent that neither Hermann nor Diness really attempted to make a statement of the transaction which would assist the creditors. On the contrary, their testimony shows that they were doing what they could to profess ignorance or to avoid giving information as to matters which any person of ordinary intelligence must have known about.

The court has expressed willingness to consider an application to compel Diness to produce the property of the bankrupt estate, if the creditors consider that there is any of it in his possession or control. The court has endeavored to have him prosecuted for perjury, if any definite false statements can be shown, and, now that the statute of limitations has expired, the court is ready to punish Diness for the contempt shown in his apparent disregard for the court's jurisdiction and authority in endeavoring to locate the property of the bankrupt. But in the absence of Hermann, and in the face of his flight, it must be held that Diness, who has shown some attempted effort to locate Hermann, and who has at all times appeared in court ready to repeat his former statements of the transaction, cannot be punished for perjury, for secreting property, and for disregard of his oath, as he would be punished on a criminal trial; nor can he now be made to suffer alone (because of his contempt for the court's authority) for the entire futility of the proceedings before the referee, and the escape of all others who were implicated.

An examination of the report of the case of In re Friedman, 161 Fed. 260, 88 C. C. A. 306, shows that William Hermann, a notary public, was one of the witnesses who testified as to his share in the transactions resulting in an order to various parties to turn over the proceeds of the sale of an entire stock, under circumstances very similar to those in the present case. The attorney for the creditors in the present instance, which had to do with a stock of shoes, was the attorney for the creditors in the Friedman Case, which also had to do with the sale of a stock of shoes; and while the court feels that the attorneys have placed too much reliance (through previous experience with perhaps the same individuals in similar cases) upon the testimony, as showing its own falsity, nevertheless the record shows that the witness Diness clearly justified the finding of the referee that his conduct was contemptuous, in that he avoided telling the whole truth, that he professed ignorance as to matters as to which he must have had knowledge, and that he showed disregard for and brought disrespect

upon the court proceedings by not playing the part of an honest man and a truthful witness. It is apparent that his readiness to testify to his own innocence, and his willingness to explain his participation in events of which he did not remember evident facts, was because of a disregard for his oath and for the authority of the court, and that disregard should not be allowed to stand without punishment, even though that punishment cannot go to the extent of being used to take the place either of a trial for perjury, before a jury, or a proceeding to compel discovery of the bankrupt's estate and restitution thereof.

The witness Diness may be cited before the court for punishment, and the matter will be held open as to Hermann, so long as he continues a fugitive.