## In re BACON.

#### (District Court, W. D. New York. April 5, 1913.)

BANKRUPTCY (§ 408*)—DISCHARGE—CONCEALMENT OF ASSETS.

Bankrupt, having long been engaged in stock transactions on his own account, sold certain stocks, receiving in payment a certificate of deposit for the price. He purchased other shares of the same stock in his own

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

name, for which he paid the money realized on previous sales. Later he sold certain shares and used the purchase price to reduce a mortgage on his property, and finally, realizing that bankruptcy was imminent, closed out his ·pending stock transactions and requested his brokers to transfer the account to the name of his wife, whereupon a check drawn by the brokers for a sum realized on the sales of stock, together with various certificates of shares, was received by him just prior to bankruptcy and not accounted for. He testified that these various stock transactions, though conducted in his name, were in reality the transactions of his wife, and that he acted as her agent. *Held*, that such facts were sufficient to show that the omission of the property from his schedules had been with a fraudulent intention to conceal it, and that he was therefore not entitled to a discharge because of concealment of assets, in violation of Bankr. Act July 1, 1898, c. 541, § 29b, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 732–736, 759, 762, 763; Dec. Dig. § 408.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Francis Bacon. On specifications of objection to the bankrupt's discharge. Denied.

See, also, 196 Fed. 986.

Charles E. Opdyke, of Waterloo, N. Y., for bankrupt.
George E. Zartman, of Waterloo, N. Y., for objecting creditor.

HAZEL, District Judge. The special master sustained the specification of objection to the discharge of the bankrupt on the single ground:

"That the said bankrupt knowingly and fraudulently concealed from his trustee property belonging to his estate in bankruptcy, consisting of a check bearing date April 8, 1904, drawn by Haven & Clement upon the Manhattan Company of New York to the order of the bankrupt for the sum of $2,503.69, a ·certificate of 100 shares of the .common stock of the Southern Railway indorsed to the bankrupt, and two certificates, of 100 shares each, of the common stock of the United States Steel Corporation, indorsed to the bankrupt."

He assigned as a reason for his conclusion that from prior opinions and decisions in this bankruptcy proceeding he deduced that practically the same issue was previously involved, and accordingly deemed himself compelled to find that the bankrupt knowingly and fraudulently concealed from his trustee the ·said property. Without having made an independent examination of the evidence, I am not disposed to attach as much importance to the prior decisions as does the special master.

The discharge of the bankrupt can be denied only in case it is proven that he has knowingly and fraudulently concealed property to which his trustee is entitled for the benefit of his creditors. While, on reading the decision of the Circuit Court of Appeals in Re Bacon, 20 Am. Bankr. Rep. 107, 159 Fed. 424, 86 C. C. A. 404, it is supposable that there was an honest difference of opinion as to ·the fact of ownership of the property in question, yet the evidence adduced · before Referee Hawley in its entirety shows, I think, that the bankrupt could not possibly have labored under mistaken belief in relation thereto. The material facts are that long prior to the bankruptcy the

bankrupt engaged in stock transactions on his own account, and that originally he bought 200 shares of stock of the Southern Railway, or such stock was purchased for him by the First National Bank, which he later sold, receiving in payment a certificate of deposit for the purchase price. Afterwards he bought 100 shares of stock of the same railway company in his own name, which were delivered to him, and for which he paid out of money realized on previous sales of stock. Later he sold the 100 shares and used the purchase price to reduce the amount due upon a mortgage on his property. The evidence shows that there were other stock transactions in his name, purchased with money realized on prior transactions. Finally, when bankruptcy became imminent, he closed out his pending stock transactions and requested his brokers to transfer the account to the name of his wife. A check drawn by Haven & Clement for the sum of $2,503.69, realized on the sales of stocks, together with various certificates of shares, was received by him just prior to his bankruptcy.

He testified before the referee that these various stock transactions, though conducted in his name, were in reality the transactions of his wife, and that he had acted as her agent. I have carefully considered his testimony and that of his wife on this point, and I feel constrained to conclude that the referee before whom this issue was tried out was right in deciding that such property was omitted from the schedule with the fraudulent intention of concealing it. His request to his brokers to transfer the account to the name of his wife, and his subsequent acts of concealment, establish, I think, a case under section 29b of the Bankruptcy Act. There was a sharp conflict of fact at the hearing before Referee Hawley to determine the title to the property; but, as already indicated, there is much evidence to support the conclusion that there was a concealment of said property knowingly and fraudulently made. It is true that the asserted adverse claim of Mrs. Bacon, supported by the testimony of the bankrupt, might ordinarily lead to the assumption that her claim of ownership of the stock was not entirely without merit. Nevertheless, without analyzing the conflicting evidence, I think it is shown that the bankrupt failed to disclose his stock transactions in his schedule, or to claim ownership therein, because he wished to save as much from his financial wreck as possible. Adjudications abound which hold that a bankrupt, who fraudulently conceals any of his property within four months of filing the petition in bankruptcy, is not entitled to a discharge, and that such concealment need be shown only by a fair preponderance of the evidence. In re Guilbert (D. C.) 22 Am. Bankr. Rep. 221, 169 Fed. 149; In re Nelson (D. C.) 23 Am. Bankr. Rep. 37, 179 Fed. 320; In re James (D. C.) 23 Am. Bankr. Rep. 703, 175 Fed. 894.

There were other specifications of objection to the discharge of the bankrupt, which the special master held were not sustained, and to which holding the objecting creditor has filed exceptions; but it is not thought necessary, in view of the foregoing, to pass upon them.

The discharge is denied.