### In re RESNEK, SHAPIRO & CO.

#### (District Court, S. D. New York. June, 1917.)

1. BANKRUPTCY ⬤288(1)—PROCEEDINGS—SUMMARY PROCEEDINGS.

While a court of bankruptcy may not in summary proceedings determine the sufficiency of a truly adverse claim, yet such court may take jurisdiction of a petition by the trustee for an order requiring claimants to turn over to him property belonging to the bankrupt, where the claim made after a fraudulent transfer was founded upon patent and flagrant fraud.

2. BANKRUPTCY ⬤303(3)—PROCEEDINGS—SUMMARY ORDER.

In a proceeding for a summary order requiring delivery to the trustee of property belonging to the bankrupt, evidence *held* to show that the property was in truth that of the bankrupt, and that the assertion of claims thereto was fraudulent.

In Bankruptcy. In the matter of the bankruptcy of Resnek, Shapiro & Co. On petition by the receiver for an order requiring Samuel Resnek and Ida Resnek to turn over to him property alleged to be owned by the bankrupt and in their possession. Petition sustained.

Lawrence B. Cohen and Saul S. Myers, both of New York City, for trustee.

Charles Fen Griffiths, for Samuel Resnek and Ida Resnek.

MANTON, District Judge. The trustee petitions the court for an order requiring Samuel Resnek and Ida Resnek to turn over to him property alleged to be owned by the bankrupt now in their possession. It consists of cash in banks and property as follows:

```
Cash in banks:
Mechanics' Bank of Brooklyn..........................$  798.06
Dry Dock Savings Bank................................    867.00
German Savings Bank..................................  1,140.00
City Savings Bank of Brooklyn........................  1,200.00
                                                      ----------   $4,005.06
Cash held by Ida Resnek......................................         800.00
Jewelry valued at............................................         250.00
    Notes receivable:
Saunders Shoe Company, two notes ($500 each)...........$1,000.00
A. Langer, note.......................................    300.00
H. Resnek, note.......................................    147.52
                                                       ----------    1,447.52

    Total ..................................................$6,502.58
```

A lengthy examination has been had under section 21a of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 551 [Comp. St. 1916, § 9605]), and this forms the basis for the necessary claim of fraud and

deceit in the receipt of this money and its fraudulent possession by each of the Resneks.

[1] I have examined this voluminous testimony with care, and I am satisfied that the claim founded upon what appears to be obvious fraud in the transfer of these properties to the Resneks justifies the bankruptcy court in requiring the turning over of this property to the trustee in summary proceedings. The trustee recognizes the rule of law that this court may not in summary proceedings determine the sufficiency of a truly adverse claim, but the court has granted similar relief where the claim, made by the possessor of the property, after fraudulent transfer, is founded upon patent and flagrant fraud. In re Friedman (D. C. N. Y.) 18 Am. Bankr. Rep. 712, 153 Fed. 939, affirmed 20 Am. Bankr. Rep. 37, 161 Fed. 260, 88 C. C. A. 306; In re Berkowitz (D. C. N. J.) 22 Am. Bankr. Rep. 233, 173 Fed. 1013; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, 7 Am. Bankr. Rep. 224.

[2] The testimony of the Resneks given at this hearing is not truthful and the trustee has well argued that of itself it shows fraud in the transfer of these moneys and justifies a summary action. One has been indicted for perjury arising out of these proceedings. The moneys on deposit in the banks are in truth the property of the bankrupt, and were fraudulently paid over and delivered to Samuel H. Resnek or to Ida Resnek.

From 1911 to 1915 Samuel H. Resnek, a son of the bankrupt, worked as a salesman, earning on an average of $70 a month. In September, 1915, he became a clerk in the office of the bankrupt at $15 a week and certain commissions. The only money he had in the savings bank then was $99, and that in the Dry Dock Savings Bank. Under an agreement entered into between the bankrupt and Samuel H. Resnek the bankrupt purchased numerous quantities of material and sold them at such prices as he could obtain, paying over large sums of money to Samuel H. Resnek under the guise of salary and commissions, pursuant to the agreement and understanding that Resnek would retain these moneys and at a later date divide with the bankrupt. He received moneys as alleged salary and commissions which were not due and payable, and which he had not earned, and some of these moneys are directly traceable to the bank accounts. With some of the money the jewelry above referred to was purchased and given to Ida Resnek, and by manipulations circumstantially shown, I am satisfied that the notes of the Saunders Shoe Company, the A. Langer note, and the H. Resnek note are in truth and fact the property of the bankrupt and should be summarily turned over.

The motion will be granted, and an order may be entered accordingly.