### LUNNY v. McCLELLAN et al.

(Supreme Court, Appellate Division, First Department. December 14, 1906.)

MORTGAGES—FORECLOSURE—RIGHTS OF PURCHASER.

 Where an heir was not made a party to an action to foreclose a mortgage, and the purchaser at the foreclosure sale went into possession, the heir was not entitled to maintain ejectment, without having tendered the amount due on the mortgage.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, § 1559.]

Appeal from Trial Term, New York County.

Action by Farrell Lunny against Malleville W. McClellan and others. From a judgment entered on a verdict directed by the court in favor of defendants on each cause of action set forth in the complaint, plaintiff appeals. Affirmed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

George W. Files, for appellant.
William Mitchell, for respondents.

LAUGHLIN, J. This is an action in ejectment to recover an undivided one-seventh and undivided one forty-second interest in real property situated in the county of New York. On the 1st day of September, 1849, one James R. Shaw owned the premises in question in fee-simple absolute, and was in possession thereof. On that day he mortgaged the premises to secure the payment of the sum of $5,700, and the mortgage was duly recorded. Thereafter, and on the 5th day of October, 1849, Shaw conveyed the premises to Farrell Lunny, who, on the 1st day of January, 1850, died intestate, seised of the premises subject to the mortgage, leaving, him surviving, his widow and seven infant children, including the plaintiff, who was not born until the 5th' day of August thereafter. In the month of February, 1850, Jane Lunny, one of the infant children of Farrell Lunny, died intestate. On the 18th day of April, 1850, by infancy proceedings for the conveyance of their real estate, the interests of the five children, being all of the children of said Farrell Lunny, except Jane, who had died, and the plaintiff, who had not been born, were duly conveyed to said Shaw. On the 14th day of May, 1850, an action was duly instituted to foreclose the mortgage given by said Shaw prior to his conveyance to Lunny. Shaw, who had given the mortgage and had acquired the interests of the five infants, the widow of Lunny, and the five children who had conveyed to Shaw, were made parties defendant. Pending the foreclosure action, the widow released and conveyed all her interest in the premises to Shaw. The premises were duly sold in the foreclosure action and purchased by Shaw, to whom a referee's deed was executed and delivered on the 1st day of May, 1851, and recorded on the 26th day of the same month. Shaw thereupon entered into possession of the premises, and he and his grantee have ever since remained in possession thereof. This action is brought upon the theory that the plaintiff became and remained a tenant in common of the premises, owning one-seventh as heir of his father, subject to his mother's right of dower, and owning an undivided one forty-second as an estate in remainder as heir of his sister, subject to his mother's life estate therein. His mother did not die until the 2d day of January, 1888.

It is claimed that the life estate of the plaintiff's mother, which was conveyed to Shaw, continued, and that the plaintiff had no right of action for his estate in remainder until the termination of that life estate on the death of his mother, and that as against his interest as a tenant in common the statute of limitations would not run in favor of a cotenant. The defense interposed was the statute of limitations, and these are the questions that were litigated upon the trial. The point suggested itself to the court on the argument, although the question does not appear to have been raised and was not suggested on the appeal, that the plaintiff has mistaken his remedy. If the action cannot be maintained, the judgment, which in effect is a dismissal of the complaint, should be sustained, even though the grounds upon which it has been entered are untenable. We deem it unnecessary, therefore, to decide whether, if this action could be maintained, the statute of limitations has run against the plaintiff's right; for we think that there is another ground upon which the judgment must be affirmed.

The rights of the plaintiff were subordinate to the rights of the mort-

gagee, who received his mortgage prior to the time the plaintiff's father obtained title. By the referee's deed in foreclosure of that mortgage Shaw obtained the title of the mortgagee, which was superior to the title which he had acquired from the widow and some of the heirs of Lunny, and, although the rights of the plaintiff were not cut off, Shaw, as to him, became a mortgagee in possession, and the plaintiff's only remedy was a right of redemption, under which, if his time to redeem was not barred by the statute of limitations, he could have tendered the amount owing to Shaw, or his successors in title, and then, perhaps, have maintained ejectment on their refusal to accept, or have brought a suit in equity to redeem, which would have involved an accounting for the rents, issues, and profits. Barson v. Mulligan, 66 App. Div. 486, 73 N. Y. Supp. 262. The rule is well settled that where a mortgagee obtains lawful possession of the mortgaged premises, after default, even without foreclosure, by a statutory proceeding, or by a suit in equity, he and his assignees of the mortgage may withhold possession against the mortgagor and those claiming under him until the amount of the mortgage debt is tendered, and an action in ejectment will not lie against him or his assignees in their favor. Randall v. Raab, 2 Abb. Prac. 307; Ross v. Boardman, 22 Hun, 527; Hubbell v. Moulson et al., 53 N. Y. 225, 13 Am. Rep. 519; Hubbell et al. v. Sibley, 50 N. Y. 468; Barson v. Mulligan, supra. There was no tender in this case. It is likewise well settled that the purchaser on the foreclosure of the mortgage, who enters into possession, becomes, as to those whose rights have not been cut off by the foreclosure, an assignee of the mortgage and a mortgagee in possession. Townshend v. Thomson et al., 139 N. Y. 152, 34 N. E. 891; Robinson v. Ryan et al., 25 N. Y. 320; Wheeler v. Morris, 2 Bosw. 524; Jackson v. Bowen, 7 Cow. 13; Smith v. Gardner, 42 Barb. 356; Wing v. Field, 35 Hun, 617.

It follows, therefore, that, as this action in ejectment cannot be maintained, the judgment is right, and should be affirmed.

Judgment affirmed, with costs. All concur.