### In re BLAKE.

(District Court, E. D. New York. July 13, 1909.)

BANKRUPTCY (§ 140*)—PREFERENCE—POSSESSION.

A bankrupt executed certain deeds, which he delivered as security for a loan under an agreement that, if the loan was not paid on May 15, 1909, the lender should have, between May 15th and June 1st, an option to cancel the notes and purchase the land. The deeds were recorded as deeds March 27, 1909, and again with the agreement as mortgages on May 28th following. The record as deeds was made on the grantee's paying an equity of $400 cash, on it becoming apparent that the bankrupt would not be able to meet the notes when due. He was adjudicated a bankrupt on June 7, 1909. *Held*, that since, if the arrangement to exercise the option and pay a cash consideration constituted a preference, the relief of the bankrupt's trustee must be by action, during pendency thereof, the grantee was entitled to possession and to collect the rents and profits.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

---

Charles M. Davenport, for trustee.

David H. Taylor, for Ogden.

CHATFIELD, District Judge. The bankrupt gave a note, accompanied by certain deeds, to one Ogden, in return for a loan of $17,000. The deeds were delivered under an agreement that if the loan should not be paid, with interest, on the 15th of May, 1909, Ogden should have, between May 15th and June 1st, an option to cancel said notes and purchase said lands. The deeds in question were recorded as deeds upon the 27th day of March, 1909, and again, with the agreement, as mortgages upon the 28th day of May, 1909; the record as deeds having been made inasmuch as it had become apparent that the bankrupt would be unable to meet the notes at the time they became due, and an equity of $400 cash having been then paid to the bankrupt. The debtor, Blake, was adjudicated a bankrupt on June 7, 1909.

Whether it be assumed that the title passed by the premature exercise of the option, or whether Ogden held the title merely as security for his claim, it nevertheless follows that he is entitled to retain possession of the property, and to collect the rents and income therefrom, pending a determination of what his real status may be. Lunny v. McClellan, 116 App. Div. 476, 101 N. Y. Supp. 812; Barson v. Mulligan, 66 App. Div. 486, 73 N. Y. Supp. 262. Even if the arrangement to exercise the option and pay a certain amount of cash constituted a preferential payment, the relief must be by action, and Ogden is entitled to retain possession pending this determination.

The present motion to have the property turned over to the trustee, and to restrain Ogden or his representative from collecting the rents, must be denied; but some provision may be made by which the trustee can be informed, or secured, if necessary, with reference to the amount and disposal of the revenues from the property for a short period, within which he must take action looking to a determination of the rights of the estate, if he be advised to bring such an action.