### In re IRONCLAD MFG. CO.

(Circuit Court of Appeals, Second Circuit.    November 27, 1911.)

No. 101.

BANKRUPTCY (§ 288*)—JURISDICTION OF COURT—ADVERSE CLAIMS TO PROPERTY.

A bona fide claim of a third person in possession to the ownership of property, also claimed as belonging to the estate of a bankrupt, raises a question which can be determined only by a plenary suit; but a mere assertion of ownership, which is wholly unfounded, cannot conclude the bankruptcy court, and such court has jurisdiction to summarily determine whether or not the claim is merely colorable.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 288.*]

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of the Ironclad Manufacturing Company, alleged bankrupt. On petition to revise an order of the District Court. Reversed.

This cause comes here upon petition to revise an order denying a motion to require the American Steel Barrel Company to deliver certain property to the receiver for the alleged bankrupt. Petitioners contend that such property really belonged to the Iron Clad Company; respondents contend that it belongs to the Barrel Company.

John A. Garver (Whitridge, Butler & Rice, on the brief), for petitioner.

James A. Allen, for respondent.

Adolph Kiendl, for receiver.

Charles A. Riegelman, for Philadelphia Warehouse Co. and another.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. There is no necessity to go into the details of the case presented, since the matter was disposed of below on a question of jurisdiction. We think that petitioners were entitled to have the bankruptcy, court make a preliminary investigation summarily to determine whether or not the claim of adverse ownership is merely colorable. Under the authorities a bona fide claim of ownership by a third party raises a question which can be disposed of only by plenary suit; but a mere assertion of ownership, which is wholly unfounded, cannot conclude the court as to the disposition of the claim.

As we understand the situation here, the District Judge had some doubt as to his jurisdiction to decide this question of the bona fides of the claim summarily, and therefore did not pass upon it. We are satisfied that the decision of such a question was within his jurisdiction, and therefore reverse the order, and remand the case to the District Court for further action.