### In re MICHNOFF et al.

(District Court, E. D. New York. October 15, 1923.)

1. **Bankruptcy ⊗══288(1)—Court authorized to make preliminary investigation of claim of grantees of bankrupt's property.**

Where a petition alleged that bankrupts filed a voluntary petition in bankruptcy on December 5, 1922, following an accident that occurred on May 12, 1922, resulting in an action against them on June 21, 1922, and transferred real property to each of their wives on October 3, 1922, something more than a mere categorical denial is needed to prevent a summary preliminary investigation, to ascertain whether a claim of adverse ownership is merely colorable.

2. **Bankruptcy ⊗══288(1)—Bona fide claim of ownership requires plenary suit, but mere assertion of ownership does not.**

A bona fide claim of ownership of property by a third party raises a question which can be disposed of only by plenary suit, but a mere assertion of ownership which is wholly unfounded cannot conclude the bankruptcy court as to the disposition of the claim.

⊗══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of Leopold H. Michnoff and Samuel J. Michnoff, individually and as copartners trading as L. & S. Michnoff, bankrupts. On motion for an order directing Marion Michnoff and Bessie Michnoff to execute a deed of real property to the trustee in bankruptcy. Matter referred to commissioner.

Duberstein & Robbins, of New York City (Samuel C. Duberstein, of New York City, of counsel), for trustee.

Bick, Godnick & Freedman, of Brooklyn, N. Y. (Louis R. Bick, of Brooklyn, N. Y., of counsel), for bankrupts.

GARVIN, District Judge. This is a motion for an order directing Marion Michnoff and Bessie Michnoff to execute a deed of real property to the trustee in bankruptcy. The premises in question are known as 1654 Seventy-Eighth street and 1647 Seventy-Eighth street, borough of Brooklyn, city of New York. It is alleged by the trustee that on October 3, 1922, the bankrupt, Samuel J. Michnoff, while insolvent and with intent to hinder, delay, and defraud his creditors, transferred to his wife, Marion Michnoff, the premises known as 1654 Seventy-Eighth street without consideration, and that on the same date, under similar circumstances, transferred to Bessie Michnoff, the wife of the bankrupt, Leopold H. Michnoff, the premises known as 1647 Seventy-Eighth street. The trustee claims that no legal transfer of the title to either parcel took place. Each respondent files an answer denying the allegations of the petition.

[1, 2] In view of the fact that the bankrupts filed a voluntary petition in bankruptcy on December 5, 1922, following an accident that occurred on May 12, 1922, resulting in an action against them on June 21, 1922, a transfer of real property under the circumstances given and to close relatives within the time stated requires from the transferees something more than a mere categorical denial of the allegations of the petition, in order to take the case out of the well-settled authorities which give the court power to make a preliminary investigation summarily in order to ascertain and determine whether or not such a claim of adverse ownership is merely colorable. As stated in Re Ironclad Mfg. Co., 191 Fed. 831, 112 C. C. A. 345:

"Under the authorities a bona fide claim of ownership by a third party raises a question which can be disposed of only by plenary suit; but a mere assertion of ownership, which is wholly unfounded, cannot conclude the court as to the disposition of the claim."

There are other authorities to the same effect. The question of whether the claim of adverse ownership of the transferees is bona fide or merely colorable is therefore referred to the referee as special commissioner, with instructions to take testimony and report to the court.

I have not overlooked the contention of the respondents that by answer they deny that the property was conveyed on October 3, 1922, as alleged in the petition. This matter, of course, will be covered by the investigation to be conducted by the commissioner. If the respondents establish that their claim of ownership is bona fide, the ultimate result will be, of course, to remit the trustee to plenary suit.