In re REPUBLIC PLUMBING SUPPLY CORPORATION.

(District Court, E. D. New York. January 9, 1924.)

1. Bankruptcy ⚒288(1)—Trustee cannot by summary proceeding recover promissory notes transferred by bankrupt.

    A bankruptcy trustee cannot by a summary proceeding recover promissory notes transferred by bankrupt, and claimed by the transferee as a holder for value, but his remedy is by suit to set aside the transfers.

---

⚒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Bankruptcy ⊕⇒301—Stay of actions on promissory notes transferred by bankrupt granted, unless transferee consented to pay proceeds into court.**

Where evidence justifies bankruptcy trustees' apprehension that transferee of notes would abscond with the proceeds of any judgment rendered in his actions on the notes, trustee's motion to stay such action will be granted, unless transferee consents to deposit the proceeds of such actions in court, and consents that the determination in such action shall not be res judicata in any action by trustee to set aside the transfers.

In Bankruptcy. In the matter of the Republic Plumbing Supply Corporation, bankrupt. Application by the trustee in bankruptcy for an order staying prosecution of two actions pending in the Municipal Court of the City of New York. Application denied, on conditions.

Marcus Helfand, of New York City, for trustee.
Allan Deutsch, of New York City, for Moses Kitay.

GARVIN, District Judge. On December 4, 1923, a memorandum of decision was filed herein, in each of two applications made by the trustee in bankruptcy herein, for an order staying the prosecution of two actions pending in the Municipal Court of the City of New York, Borough of Brooklyn, Fourth District. These decisions granted the applications, no papers being filed in opposition. It later appeared that opposing papers were not filed because of a misunderstanding, and a reargument was directed by the court, which was had, and papers in opposition submitted.

[1] The actions pending were brought by one Moses Kitay, transferee of promissory notes, at one time the property of the bankrupt. He denies that the transfers to him were improper or illegal, as alleged by the trustee, and asserts that he is a bona fide holder for value. The trustee cannot recover these notes from the holders by a summary proceeding. He must bring suit to set aside the transfers.

[2] The real apprehension here is that Kitay will recover judgment, collect, and abscond with the proceeds. The proceedings had and the testimony taken abundantly justify the trustee's apprehension. If Kitay has nothing to fear, he will have no objection to the relief which will be granted. He seems to have such a title to the notes as, unexplained, will permit him to recover against the makers. If he is honest, he should have no objection to having provision made to protect the trustee.

The motions for stays will be denied, upon condition that Kitay consent to the entry of an order directing plaintiff to deposit with the clerk of this court the proceeds of said actions, or providing that all moneys paid in settlement of said actions or of any judgments that may be recovered therein shall be paid to the plaintiff's attorneys therein and deposited by the latter with the clerk of this court, or held subject to the order of this court. The consent must further provide that no determination of the Municipal Court shall be deemed res adjudicata in any action or actions to be hereafter brought by the trustee to set aside the transfer of the notes.

The trustee will be required to institute and prosecute with reasonable diligence an action or actions to set aside the said transfers; oth-

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

erwise, the motions now made will be denied. If plaintiff refuses to comply with this condition, it is clear that he purposes to depart with the proceeds of the actions when collected. His fraudulent intent then is established, and the motions will be granted. He may have until January 15, 1924, either to file such a consent or decline so to do. Upon his failure to file consent, the motions will be granted.

Settle orders on notice, after January 15, 1924.