**In re GROTON LAUNDRY SERVICE, Inc.**

**Petition of NATTER.**

(Circuit Court of Appeals, Second Circuit.
January 5, 1925.)

No. 113.

1. **Bankruptcy ⟨key⟩440—Remedies, by appeal and petition to revise are mutually exclusive.**

Remedies by appeal and petition to revise are mutually exclusive.

2. **Bankruptcy ⟨key⟩440—Order requiring bidder to fulfill terms of bid reviewable only by petition to revise.**

An order requiring a bidder at judicial sale in bankruptcy proceedings to fulfill his bid under penalty of contempt proceedings is reviewable only by petition to revise.

3. **Bankruptcy ⟨key⟩444—Petition to revise must be verified, and attorney's verification must show reasons.**

Petition to revise must be verified, and, though verification may be by attorney, reasons must be shown why such attorney verifies, instead of petitioner.

4. **Bankruptcy ⟨key⟩446 — Petition to revise reaches only matters of law.**

Petition to revise reaches only matters of law, and the reviewing court is bound by the facts found by the court below.

5. **Bankruptcy ⟨key⟩446—Finding that bidder had no just cause for repudiating bid held to present no question of law on petition to revise.**

On petition to revise an order in bankruptcy holding bidder at judicial sale to terms of his bid, a finding that petitioner had no just cause of complaint, for misrepresentation or otherwise, supported by evidence, raises no question of law.

Appeal from Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the Groton Laundry Service, Inc. To review an order requiring Max Natter to fulfill terms of his bid at judicial sale, he appeals and petitions to revise. Appeal dismissed, and order affirmed.

Benjamin A. Hartstein, of New York City (Max Klein, of New York City, of counsel), for petitioner.

Edward W. Drucker, of New York City, for trustee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. The record at bar is a curiosity, illustrating a rather unusual number of errors in practice. Natter deemed himself aggrieved by an order entered on June 7, 1924. His counsel accordingly filed in the District Court what was intended as a technical appeal. This paper is presented to us, printed and agreed upon as correct by the attorneys, but it is unsigned and undated. An examination of our files shows that on June 13, 1924, a document called a petition to revise was filed in our clerk's office. This paper is not contained in the printed record submitted to us. Furthermore, it is signed only by Natter's attorney, and is not verified. The condition of these proceedings would justify us in disregarding them, but as a matter of grace we make the following observations:

[1] There cannot be an appeal and a petition to revise to the same point. The two remedies are mutually exclusive. In re Menist (C. C. A.) 289 F. 229.

[2] What Natter wishes to complain about is that he was held to the terms of a bid made by him at a judicial sale, and was threatened with contempt proceedings if he did not pay the difference between his bid and what the articles knocked down to him fetched at a resale. This matter can be reached only by a petition to revise. In re Rival, etc., Co. (C. C. A.) 289 F. 960.

[3,4] Therefore the appeal must be dismissed. But the petition requires verification, and, though such verification may be by an attorney, he must show the reasons for his verifying, instead of the party petitioning. Consequently the petition here is technically bad. In re Mitchell (C. C. A.) 278 F. 707. But, if the petition were technically good, it would remain true that it reaches only matters of law; we are bound by the facts found by the court below—a matter now too plain to require citation.

There is no doubt that Natter made a bid. It was referred to a special master to ascertain whether the selling officer had made any "misrepresentations with respect to the mortgages existing on the bankrupt's premises." The master reported the facts, finding no misrepresentation.

[5] But Natter claimed, though the matter was not strictly within the record, that promises unfulfilled had been made to him to the effect that, if he bought, he could get a lease apparently on favorable terms from the landlord of the premises occupied by the bankrupt. The lower court found in substance that Natter could get a lease, but that he was not satisfied with the terms offered. The court then found in substance that on the evidence Natter had no right to complain against the officials of the bankrupt estate in respect of the landlord's unwillingness to give him a reduced or satisfactory rent, and so passed the order complained of.

This raises no question at law, and there was evidence to support the findings. We are not concerned with the weight of the evidence—not that we desire to express any dissatisfaction on that score. It results that neither technically nor upon the record that ought to have been made, but was not, has this petitioner any right to succeed.

The order is affirmed, with costs.