## In re NATHAN TURIM, Inc.

District Court, S. D. New York.
Dec. 23, 1931.

Edward Raff, of New York City, for Irving Trust Co.

David Haar, of New York City, for Clairmont Silk Company and Harry Gidinsky.

Jacob Krisel, of New York City, for Frederick Loeser.

Joseph A. Arnold, of New York City, for Miller, Friedner, Inc.

PATTERSON, District Judge.

The receiver's petition alleges that Frederick Loeser & Co., Inc., owed the bankrupt the sum of about $5,000, and that this account receivable was assigned by the bankrupt, $600 to Miller, Friedner, Inc., and the balance to one Gidinsky, under circumstances which would render the transactions either voidable preferences or fraudulent conveyances. The relief asked is that Frederick Loeser & Co., Inc., be ordered to deposit the money with the receiver to be held by it as a separate fund pending the determination of the conflicting claims to it. In response to the petition, Frederick Loeser & Co., Inc., admits its indebtedness to the bankrupt and states its willingness to pay the money as directed by the court. The alleged assignee, Miller, Friedner, Inc., in answer to the petition, sets forth facts tending to show an oral assignment to it in the amount of $652.50, made for present consideration. Gidinsky, the other assignee, alleges that he took an assignment of the entire account as security for advances concurrently made to the bankrupt, that he has brought suit in the state courts against Frederick Loeser & Co., Inc., to collect the account, and that he has a net worth in excess of $200,000. He challenges the jurisdiction of the court to grant the receiver the relief asked for. We thus have a case where the bankrupt made assignments of an account to one or more persons where the receiver claims the assignments to be void or voidable, where the assignees' adverse claims are more than merely colorable, and where the debtor admits the debt and is willing to pay the money over to the receiver to be held as a separate fund pending the determination of the conflicting claims.

Several questions which have been raised are not really involved. It may be granted that the bankruptcy court could not ordinarily by summary order direct a debtor over his protest to pay the debt to the receiver or trustee. But here the debtor admits the existence of the debt and states its willingness to pay as directed by the bankruptcy court, provided it is given protection against the adverse claimants. Again, Gidinsky submits that the bankruptcy court cannot, except on consent, adjudicate in a summary proceeding the validity of a substantial adverse claim to property not in its possession; that a plenary suit is required in such a case. This proposition is undeniable (Taubel-Scott-Kitzmiller v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770; Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897), but it has no bearing upon the present matter. The granting of the relief asked for by the receiver could not possibly be deemed an adjudication as to the validity of the respondent's claims to the account. All that the receiver wants is that the money in dispute be safeguarded pending a plenary suit in which the adverse claims may be presented and adjudicated. Again, Gidinsky calls attention to the fact that he has begun suit in the state courts to collect the account and submits that the case is controlled by the rule that the federal court will not interfere with property in the prior custody of the state court. That rule is one of constant application, but here there is no property in the custody of the state court. The suit there is purely one in personam, to collect an alleged debt. To say that a court has custody of a fund whenever an alleged creditor or his assignee sues an alleged debtor is to press jurisdiction in rem to unheard of limits. The suit in the state courts is not an impediment to the jurisdiction of this court.

I have no doubt as to the jurisdiction of the bankruptcy court in a proper case to order the payment into court of a debt claimed both by the bankrupt estate and by adverse claimants, to await the outcome of a plenary suit to determine its ultimate destination, where the debtor has no objection to making such payments; and such jurisdiction extends also to granting an injunction

against the adverse claimants pursuing the debtor in the state courts. The jurisdiction is in aid of the bankruptcy proceeding which in some cases might be frustrated entirely but for the granting of such relief. In re Mitchell (C. C. A.) 278 F. 707; In re Republic Plumbing Supply Corp. (D. C.) 295 F. 573. Similarly there is no jurisdictional objection to an order directing such payment to the receiver under conditions which will make certain its preservation until the contest over it may be finished.

[4] But the receiver, in my opinion, has not made out a proper case for the exercise of such power. It has not shown that the collection of the account by the adverse claimants will prejudice the bankrupt estate in any way, or that there is a likelihood of either of them being unable to respond to a judgment in a plenary suit. In the cases where the bankruptcy court has reached out to maintain the status quo as to property not in its possession or has granted similar relief, it has done so because of a strong probability that otherwise the property would be gone when the creditors' rights therein might finally be established. In re Mills (D. C.) 179 F. 409; In re Eddy (D. C.) 279 F. 919; In re Republic Plumbing Supply Corp., supra. It must not be forgotten that the assignees or one of them apparently have ostensible title to the account by way of assignment, a title which enables them to enforce collection in the usual way, and that it will be incumbent on the trustee in bankruptcy to prove that their title is one that should be upset. In a case of this sort the court should not interpose between the assignee of the account and the debtor in order to protect the possible interests of the bankrupt estate unless it is made to appear that the bankrupt estate needs the protection. It does not need protection where, for all that is shown by the papers, the assignees have real adverse claims and are also in a position to make good to the bankrupt estate in the event that the transfer of the account to them should be held voidable. The receiver's petition does not allege that the collection of the account by the assignees will be attended with any risk to the bankrupt estate. It does not charge that they are in precarious financial condition or are likely to abscond. Gidinsky, on the other hand, swears to a net worth of $200,-000.

The petition will therefore be dismissed. Settle order on notice.