## In re THREE PINES RESTAURANT, Inc.
### No. 63976.

District Court, S. D. New York.
March 3, 1936.

Edward Siegel, of New York City, for petitioning creditors.

Sidney L. Cahn, of New York City, for Lone Pine Restaurant, Inc.

**54**

Michael Koses, of New York City, for Louis Wender.

PATTERSON, District Judge.

The motions are to vacate an injunction obtained ex parte by the petitioning creditors. The moving parties are one Wender and Lone Pine Restaurant, Inc.

An involuntary petition was filed against the bankrupt on December 19, 1935. Adjudication followed, and a trustee has recently been appointed. The bankrupt formerly conducted a restaurant. On August 1, 1935, it gave a chattel mortgage covering the equipment and fixtures to Wender, to secure an alleged debt of $7,500. The consideration for the mortgage, it would appear from the papers now before the court, was in part present cash advanced and in part prior loans made by Wender. The mortgage was duly filed. The bankrupt fell into default on the mortgage debt. On December 7, 1935, foreclosure sale (evidently private) was held, and the mortgaged property was struck down to Wender for $250. A few days later Wender sold the property to Lone Pine Restaurant, Inc., which concern is now in possession of the premises formerly occupied by the bankrupt and is using the furniture and equipment in the restaurant business there. On the sale Wender took back a chattel mortgage from the Lone Pine. The injunction now in force stays Wender, the Lone Pine, and all "adverse claimants" from removing, transferring, disposing of, or interfering with the property.

The bankrupt did not have title or possession at the time of bankruptcy. It cannot be denied that Wender took a chattel mortgage on August 1, 1935, that a foreclosure sale was held on December 7, 1935, that Wender purchased at the sale, that he later sold to the Lone Pine, that the Lone Pine gave him a purchase-money mortgage. These events resulted, on the surface at least, in a divesting of title and possession from the bankrupt prior to bankruptcy and in an acquisition of adverse title in Wender and the Lone Pine. The adverse title is more than colorable, and plainly the bankruptcy court would have no power to pass summarily on the validity of the title of Wender and the Lone Pine.

Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770; Harrison v. Chamberlin, 271 U.S. 191, 46 S. Ct. 467, 70 L.Ed. 897.

But the order in question does not go so far. It is merely injunctive and holds the property in statu quo, pending institution of plenary suit by the trustee. The rule is settled, at least in this circuit, that adverse claimants, persons whose claims could not be tried summarily by the bankruptcy court over their protest, may be restrained by the bankruptcy court from disposing of property formerly that of the bankrupt until plenary suit against them may be begun by the trustee in bankruptcy. In many cases the remedy of plenary suit would be futile but for the prompt issuance of injunctive process on the prospective defendants. In re Mitchell, 278 F. 707 (C.C.A. 2); In re Nathan Turim, Inc., 55 F.(2d) 672 (D.C.N.Y.); In re Custom Shop, Inc., 1 F.Supp. 32 (D.C.N.Y.). The power to give injunctive relief in favor of those interested in the bankrupt estate being plain, the question is whether this case is a proper one for exercise of that power.

On the facts presented, there may be a case on plenary suit to have the chattel mortgage adjudged fraudulent, or to have it declared voidable as a preference under section 15 of the New York Stock Corporation Law (Consol.Laws, c. 59). There may also be a case on the ground that the sale under chattel mortgage was irregular and the result ruinous. But the present papers do not make out a strong case on any of these theories. There is proof that Wender, the party principally involved, is strong enough financially to respond to any judgment or decree that might be rendered against him concerning the property in controversy. Under these conditions, there is no need of an injunction restraining these parties meanwhile from dealing with the property in the way that any owner or mortgagee might deal with it. See In re Nathan Turim, Inc., supra.

The motion to vacate the injunction, in so far as it affects the moving parties, will be granted. The order will be settled on notice.