United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 4, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 03-10678
Summary Calendar

_____

GREGORY CAMPBELL,

                                                                Plaintiff-Appellant,

versus

M. C. MARTINEZ, Associate Warden, Federal
Medical Center-Fort Worth; J. MILLS, Doctor,
Federal Medical Center-Fort Worth; J. BARRY,
Doctor, Federal Medical Center-Fort Worth;
L. HUBER, Doctor, Federal Medical Center-Fort
Worth; P. TRINKLE, Doctor, Federal Medical
Center-Fort Worth,

                                                    Defendants-
                                    Appellees.

-------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-00299-Y
-------------------------------------------------------------

Before SMITH, DeMOSS, AND STEWART, Circuit Judges:

PER CURIAM:[*]

     Gregory Campbell, federal prisoner # 62978-065, appeals the district court's dismissal of his

civil rights action brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of

---

     [*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Narcotics, 403 U.S. 388 (1971). He asserts that the defendants were deliberately indifferent to his serious medical needs by failing to treat his end-stage liver disease and cirrhosis with antiviral medications, a biopsy, or a liver transplant. Campbell's disagreement with the course of treatment is insufficient to give rise to a constitutional violation. See Varnado v. Lynaugh, 920 F.2d 320,321 (5th Cir. 1991). Campbell has also not established that the defendants' actions show deliberate indifference to his serious medical needs. See Farmer v. Brennan, 511 U.S. 825, 847 (1994).

The district court concluded it lacked the authority to grant Campbell a compassionate release. Campbell does not challenge this ruling, and this court need not address the issue. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Because Campbell has not shown that the district court erred in dismissing his civil rights action pursuant to 28 U.S.C. § 1915(e)(2)(B), the judgment of the district court is AFFIRMED. See Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002).

Campbell asserts that the district court abused its discretion in denying his motion for a preliminary injunction. He has not shown that the district court abused its discretion in denying the motion. See Black Fire Fighters Ass'n v. City of Dallas, 905 F.2d 63, 65 (5th Cir. 1990). The judgment of the district court is AFFIRMED.